IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MATTHEW BOIVIN**  **PLAINTIFF**
**ADC #110905**

v.  No: 4:18-cv-00888 BRW-PSH

**ASA HUTCHINSON,** *et al.*  **DEFENDANTS**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I. Introduction

Plaintiff Matthew Boivin, an inmate at the Arkansas Department of Correction's North Central Unit, filed this action pursuant to 42 U.S.C. § 1983, alleging defendants violated his civil rights (Doc. No. 1). Specifically, Boivin alleges Governor Asa Hutchinson, Board of Correction Chairman Benny Magness, and Arkansas Department of Correction Director Wendy Kelley require him to perform prison labor without

compensation or the award of meritorious good time. Boivin claims that requiring him to work violates the Universal Declaration of Human Rights and the United Nations Charter, the Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution, the Fair Labor Standards Act, and the Arkansas Constitution.

Defendants move to dismiss Boivin's claims for failure to state a claim upon which relief may be granted (Doc. No. 5). Boivin did not respond to defendants' motion. Boivin moved to amend his complaint and filed a proposed amended complaint (Doc. Nos. 10-11). However, those amendments do not cure the deficiencies asserted by defendants. As explained herein, the undersigned recommends that defendants' motion be granted.

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627

(8th Cir. 2001).  The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  *Young*, 244 F.3d at 627.  The factual allegations in the complaint must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (quoting *Bell Atlantic*, 550 U.S. at 557).  In *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

### III. Analysis

***The Universal Declaration of Human Rights, the United Nations Charter, and the Thirteenth Amendment***

Boivin claims that the use of his labor without compensation under threat of punishment violates Articles 4 and 5 of the Universal Declaration of Human Rights (prohibiting slavery, servitude, torture, and cruel, inhuman or degrading treatment or punishment) and Articles 55 and 56 of the United Nations Charter (promoting "universal respect for, and observance of, human rights and fundamental freedoms for all").[1] Doc. No. 1 at ¶¶ 16, 19 & 20. However, neither the declaration nor the U.N. Charter provide a basis for a private cause of action. *See United States v. Chatman,* 351 F. App'x 740, 741 (3d Cir. 2009) (" . . . the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action.") (citing *Sosa v. Alvarez–Machain,* 542 U.S. 692, 734 (2004)[2]); *United States v. Khatallah*, 160 F. Supp. 3d 144, 148 (D.D.C.

---

[1] "The Universal Declaration of Human Rights is a resolution of the General Assembly of the United Nations. As such, it is a powerful and authoritative statement of the customary international law of human rights." *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 719-720 (9th Cir. 1992) (citing *Filartiga v. Pena–Irala,* 630 F.2d 876, 882–84 (2d Cir. 1980)). "The United Nations Charter, in contrast to the Universal Declaration, is a treaty of the United States." *Id.*

[2] In *Sosa*, Justice Souter explained:

> . . . the Declaration does not of its own force impose obligations as a matter of international law. See Humphrey, The UN Charter and the Universal Declaration of Human Rights, in The International Protection of Human Rights 39, 50 (E. Luard ed.1967) (quoting Eleanor Roosevelt calling the Declaration "'a statement of principles . . . setting up a common standard of achievement for all peoples and all nations'" and "'not a treaty or international agreement . . . impos[ing] legal obligations'").

2016) ("the U.N. Charter . . . form parts of international agreements that impose general obligations on countries; they confer no rights on individuals or private rights of action enforceable in U.S. courts.").

Furthermore, Boivin's claim that he is subjected to slavery or involuntary servitude must be analyzed under the U.S. Constitution as opposed to international treaties or agreements. *See Reid v. Covert*, 354 U.S. 1, 17 (1957) ("This Court has regularly and uniformly recognized the supremacy of the Constitution over a treaty."). The Thirteenth Amendment to the U.S. Constitution provides, in relevant part, "[n]either slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1 (emphasis added). It is well-settled that requiring convicted inmates to work with no pay does not violate the Thirteenth Amendment. *See Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977) (citing *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963); *Howerton v. Mississippi County*, Ark., 361 F. Supp. 356, 364 (E.D. Ark. 1973); *Holt v. Sarver*, 309 F. Supp. 362, 369-72 (E.D. Ark. 1970), *aff'd*, 442 F.2d 304 (8th Cir. 1971)).

Boivin maintains in his brief[3] that the Thirteenth Amendment's prohibition on slavery and servitude applies to him because he was only sentenced to a term of

---

542 U.S. at 734-735.

[3] Boivin makes no thirteenth amendment argument claim in his complaint or proposed amended complaint. However, in a brief in support of his complaint, he argues that he was sentenced to time and not hard labor. *See* Doc. No. 2 at 1-2 & 7.

imprisonment, and was not sentenced to "hard labor." That argument fails. Arkansas law requires all inmates sentenced to the Department of Correction to participate in the work programs to which they are assigned. *See* Ark. Code Ann. § 12-30-401(a) (West); *Wendt v. Lynaugh,* 841 F.2d 619, 620 (5th Cir. 1988) ("Appellant also makes a convoluted argument that under Texas law a prison sentence consists only of confinement and does not compel labor. This latter argument is quickly disposed of because Tex. Rev. Civ. Stat. Ann. art. 6166x [requires prisoners to be kept at work] . . . '"); *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001) (distinguishing *Watson v. Graves*, 909 F.2d 1549 (5th Cir. 1990), and holding that the precise terms of state law are irrelevant because the Thirteenth Amendment does not forbid an inmate being required to work.). *See also Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006) ("The failure of a state specifically to sentence an inmate to hard labor does not change this rule.").

For these reasons, Boivin's claims based on the Universal Declaration of Human Rights and U.N. Charter should be dismissed without prejudice for failure to state a claim upon which relief may be granted. Additionally, to the extent Boivin claims his Thirteenth Amendment rights have been violated, those claims should also be dismissed without prejudice.

### *Eighth Amendment*

Boivin claims the use of his labor without compensation under threat of punishment violates the Eighth and Fourteenth Amendments' prohibition on cruel and unusual

punishment.[4]  Doc. No. 1 at ¶¶ 17 & 19.  Boivin alleges that the use of his labor without compensation is unusual because 45 states pay their prisoners to work.  Doc. No. 1 at ¶ 17.  Boivin also claims the ADC's use of his labor without compensation in out-of-state prisons is punishment.[5]  Doc. No. 1 at ¶ 19.

Certainly, "there are circumstances in which prison work requirements can constitute cruel and unusual punishment."  *See Ray v. Mabry*, 556 F.2d at 882 (citing *Jackson v. Bishop*, 268 F. Supp. 804, 816 (E.D. Ark. 1967), *vacated on other grounds*, 404 F.2d 571 (8th Cir. 1968); *Talley v. Stephens*, 247 F. Supp. 683, 687 (E.D. Ark. 1965)).  The court in *Talley* explained that requiring inmates

> . . . to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful constitutes an infliction of cruel and unusual punishment prohibited by the Eighth Amendment to the Constitution of the United States as included in the 14th Amendment.

247 F. Supp. at 687.  In *McMaster v. State of Minnesota,* inmates brought Eighth and Thirteenth Amendment claims based on being required to work without fair pay.  819 F.

---

[4] The Eighth Amendment's ban on cruel and unusual punishment applies to the states via the Fourteenth Amendment. *See Graham v. Fla.*, 560 U.S. 48, 98 (2010).  Boivin's complaint does not describe a separate fourteenth amendment due process or equal protection claim.  However, a liberal reading of Boivin's brief in support of his complaint reveals a potential equal protection claim.  Boivin alleges that all inmates must work, and while some earn good time, he does not.  Doc. No. 2 at ¶ 2.  Boivin states that he, who was convicted of first degree murder, must serve 70% of his sentence with no credit for good time pursuant to Ark. Code Ann. § 16-93-618, while inmates convicted of the manufacture of methamphetamine may receive credit for good time.  *Id.*  This allegation does not support an equal protection claim – as a person convicted of first degree murder (*see* Doc. No. 1 at ¶8), Boivin is not similarly situated to persons convicted of manufacturing methamphetamine.

[5] Boivin does not allege that he has been incarcerated at the private prison in Bowie County, Texas where some ADC inmates are incarcerated pursuant to a contract between the ADC and Lasalle Corrections.  *See* Doc. No. 1 at 5, ¶ 13.

Supp. 1429, 1442 (D. Minn. 1993), *aff'd*, 30 F.3d 976 (8th Cir. 1994). The Minnesota district court dismissed those claims "[b]ecause the Thirteenth Amendment specifically countenances forced labor during incarceration, and because plaintiffs have alleged no facts indicating that the circumstances under which they performed their labor constitute cruel and unusual punishment, . . .". *Id.*

Boivin does not assert an Eighth Amendment claim based on the nature of the work he is required to do, and he does not assert that such work is beyond his physical strength, dangerous to his health, or otherwise painful. Rather, he argues that the Eighth Amendment requires courts to apply "evolving standards of decency" when evaluating whether a punishment is cruel and unusual. *See* Doc. No. 2 at ¶ 10 (quoting *Thompson v. Oklahoma*, 487 U.S. 815 (1988)). He further argues that 45[6] of 50 states have elected to pay wages or grant good time to inmates as compensation for work, reflecting a recognition of evolving standards of decency. Thus, Boivin implies, the states that pay money or grant good time to inmates for work have applied current standards of decency, and Arkansas's failure to do so constitutes cruel and unusual punishment. Boivin also argues that to determine whether a punishment is cruel and unusual, the Court must review relevant state statutes, human rights treaties and declarations prohibiting slavery, and the Standard Minimum

---

[6] Recent news articles indicate that Arkansas and Alabama are now the only two states that make prisoners work without any pay. *See e.g.*, https://www.ualrpublicradio.org/post/proposal-would-require-arkansas-pay-inmates-labor; https://katv.com/news/local/lawmakers-seek-constitutional-amendment-to-ban-forced-inmate-labor.

Rules for the Treatment of Prisoners prohibiting slavery or servitude. *Id.* at ¶¶ 8 & 9. Defendants do not address this argument.

Boivin is correct that what constitutes cruel and unusual punishment may be revisited based on evolving standards of decency, and the fact that most states provide their prisoners with some pay or good time is evidence of such evolution.[7]  However, the Thirteenth Amendment specifically allows forced labor during incarceration.  The Court cannot nullify the express language of the Thirteenth Amendment by extending the Eighth Amendment's ban on cruel and unusual punishment to forced prison labor.  Accordingly, Boivin's Eighth Amendment claims should be denied without prejudice for failure to state a claim upon which relief may be granted.

### *Fair Labor Standards Act*

Boivin claims that the ADC's profit from his labor without compensation under threat of punishment violates the Fair Labor Standards Act ("FLSA").  Doc. No. 1 at ¶ 18. Inmates are not "employees" of the state entitled to protection under the FLSA.  *See McMaster v. State of Minn.*, 30 F.3d 976, 980 (8th Cir. 1994) ("We hold that inmates such as the present plaintiffs, who are required to work as part of their sentences and perform labor within a correctional facility as part of a state-run prison industries program are not

---

[7] The Court notes that prisoners in other states do not earn very much.  *See* Josh Halladay, The Thirteenth Amendment, Prison Labor Wages, and Interrupting the Intergenerational Cycle of Subjugation, 42 Seattle U. L. Rev. 937, 963 (2019) ("Compensation for labor is either meager or nonexistent.  On average, state prisoners earn $0.20 per hour and federal prisoners earn $0.31 per hour.  Throughout the fifty states and the federal prison system, the average minimum wage prisoners earn for regular, non-industry jobs, which 94% of prison laborers work, is $0.14 per hour. The average maximum is $0.64 per hour.") (citing Wendy Sawyer, *How Much Do Incarcerated People Earn In Each State?*, Prison Pol'y Initiative (Apr. 10, 2017), https://www.prisonpolicy.org/blog/2017/04/10/wages/).

'employees' of the state or prison within the meaning of the Fair Labor Standards Act."). Accordingly, Boivin's claims for violations of the FLSA should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### *Arkansas Constitution*

Because Boivin fails to state a federal claim for relief, the Court should not exercise supplemental jurisdiction over Boivin's state law constitutional claim(s). Those claims should be dismissed without prejudice.

### IV. Conclusion

The undersigned recommends that defendants' motion to dismiss (Doc. No. 5) be granted and that Boivin's motion for leave to amend his complaint (Doc. No. 10) be denied as moot.

DATED this 7th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE